UNITED STATES BANKRUPTCY COURT          Eastern DISTRICT of PENNSYLVANIA

In re    SCOTT & STACY BARNDT                                Debtor(s) Case No.  16-13138

**CHAPTER 13 PLAN**

(*If this form is used by joint debtors wherever the word "debtor" or words referring to debtor are used they shall be read as if in the plural.*)

1. TOTAL BASE PLAN: $34,800.00 --The future earnings of the debtor are submitted to the supervision and control of the trustee and the debtor shall pay to the trustee the sum of **$580.00 monthly** for a period of **60** months beginning with their payment due June 2, 2016 2016.

2. From the payments so received, the trustee shall make disbursements as follows:

   (a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. § 507.

      1. Trustee Fees- Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.
      2. Attorney Fees- In addition to the retainer of $1,200.00 already paid by the debtor, the amount of **$2,300.00** in the plan.
      3. $3,441.00 to the IRS for estimated delinquent income taxes.

   (b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

      1. $7,000.00 to NationStar Mortgage for arrears on mortgage on home (total estimated arrearages to be amended upon receipt of Proof of Claim).  Debtors to resume monthly mortgage payments outside of Plan.
      2. $1,600.00 to CitiFinancial for arrears on 2nd mortgage on home (total estimated arrearages to be amended upon receipt of Proof of Claim). Debtors to resume monthly mortgage payments outside of Plan.
      3. $17,500.00 to Chase Auto Finance for estimated balance of loan on 2008 Dodge Ram 1500. Debtors to pay entire balance of loan through the Chapter 13 Plan.

   (c) Subsequent to – pro rata dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows:

   Remaining disposable income to be distributed pro rata to unsecured creditors who file timely Proofs of Claim.

3. The following executory contracts of the debtor are rejected:

   Title to the debtor's property shall revest in the debtor on confirmation of a plan -- upon dismissal of the case after confirmation pursuant to U.S.C. § 350.

Date: 6/2/16                    /s/Paul H. Young
                                Paul H. Young, Esquire