UNITED STATES BANKRUPTCY COURT          Eastern DISTRICT of PENNSYLVANIA

In re    SCOTT & STACY BARNDT                                        Debtor(s) Case No.  16-13138

## THRID AMENDED CHAPTER 13 PLAN

(*If this form is used by joint debtors wherever the word "debtor" or words referring to debtor are used they shall be read as if in the plural.*)

1. TOTAL BASE PLAN: $28,309.92 –TIERED FUNDING - The debtor has paid $4,145.00 to date. The future earnings of the debtor are submitted to the supervision and control of the trustee and the debtor shall pay to the trustee the sum of **$464.71 monthly** the remaining **52** months beginning with their payment due February 2, 2017.

2. From the payments so received, the trustee shall make disbursements as follows:

   (a)  Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. § 507.

   1. Trustee Fees- Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.
   2. Attorney Fees- In addition to the retainer of $1,200.00 already paid by the debtor, the amount of **$2,300.00** in the plan.
   3. $3,443.53 to the IRS for priority delinquent income taxes per Proof of Claim No. 13.

   (b)  Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

   1. $0.00 to NationStar Mortgage for arrears on mortgage on home. Debtors to resume monthly mortgage payments outside of Plan while attempting to modify.
   2. $1,841.40 to CitiFinancial for arrears on 2nd mortgage on home per Proof of Claim No. 12. Debtors to resume monthly mortgage payments outside of Plan.
   3. $17,894.00 to Chase Auto Finance for balance of loan, including till interest, on 2008 Dodge Ram 1500 per Proof of Claim No. 5. Debtors to pay entire balance of loan through the Chapter 13 Plan.

   (c) Subsequent to – pro rata dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows:

   Remaining disposable income to be distributed pro rata to unsecured creditors who file timely Proofs of Claim.

3. The following executory contracts of the debtor are rejected:

   Title to the debtor's property shall revest in the debtor on confirmation of a plan -- upon dismissal of the case after confirmation pursuant to U.S.C. § 350.

Date: 1/13/17                          /s/Paul H. Young
                                       Paul H. Young, Esquire